```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _8/10/2022_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE CITY OF NEW YORK,

              Plaintiff,

     - against -

HARLEYSVILLE INSURANCE COMPANY,

              Defendant.
------------------------------------------------------------X

**ORDER**

22-CV-3306 (RA) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

      This is an insurance coverage action in which the City of New York seeks a declaration that Harleysville Insurance Company is obligated to defend the City in two separate underlying personal injury actions: *Banerjee v. City of New York et al.*, pending in Kings County Supreme Court under Index No. 517717/2018 ("the *Banerjee* action"), and *M.M. ex rel. Calderon v. City of New York et al.* ("the *Calderon* action") pending in New York County Supreme Court under Index No. 151852/2020 (collectively, "the underlying actions"). Presently before the Court is a dispute as to whether "additional disclosures related to the underlying actions" are discoverable in this declaratory judgment action. Harleysville contends it is entitled to such discovery (Dkt. No. 19), while the City counters that discovery in this action should be "limited to the contracts, policies, and tender correspondence involving" the underlying actions (Dkt. No. 21). Judge Abrams has referred this case to me for general pretrial supervision, including the current dispute (Dkt. No. 23).

      Without deciding whether Harleysville has waived the "products-completed operations hazard" defense, as the City has argued and as the record seems to suggest that it did, the Court concludes that Harleysville is not entitled to the discovery it seeks. As a threshold matter, in its disclaimer letters for the underlying actions, Harleysville said (with respect to the *Banerjee* action) that its review revealed that "this matter did not arise out of the work of our insured," and added (with respect to the *Calderon* action) that it had "reviewed the circumstances of this loss along with the supporting documents from our insured." Dkt. No. 21, Exhibits A and B. Thus, it appears from the record that Harleysville has already made its assessments based on documents and information it has already obtained.

1

In any event, the law is clear that in determining a duty to defend, an insurer may not rely on facts that it learns outside "the four corners" of the complaint. As Judge Gardephe observed in another duty to defend case involving Harleysville:

> "[T]he general rule in determining whether an insurer has a duty to defend is to compare the allegations of the complaint with the operative insurance policy." *Int'l Bus. Machines Corp. v. Liberty Mut. Ins. Co.*, 363 F.3d 137, 144, 148 (2d Cir. 2004). "In New York, 'an insurer will be called upon to provide a defense whenever the allegations of the complaint in the underlying injury action suggest a reasonable possibility of coverage.'" *Gemini Ins. Co. v. Titan Constr. Servs., LLC*, No. 17-CV-8963 (WHP), 2019 WL 4023719, at *6 (S.D.N.Y. Aug. 27, 2019) (quoting *Regal Constr. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 15 N.Y.3d 34, 37 (2010)) (alteration omitted). "'If, liberally construed, the claim is within the embrace of the policy, the insurer must come forward to defend its insured no matter how groundless, false or baseless the suit may be.'" *Id.* (quoting *Century 21 Inc. v. Diamond State Ins. Co.*, 442 F.3d 79, 83 (2d Cir. 2006)). "'The duty to defend remains even though facts outside the four corners of the pleadings indicate that the claim may be meritless . . . .'" *Lepore v. Hartford Fire Ins. Co.*, 374 F. Supp. 3d 334, 344 (S.D.N.Y. 2019), *aff'd* 2020 WL 598539 (2d Cir. Feb. 7, 2020) (quoting *Automobile Ins. Co. of Hartford v. Cook*, 7 N.Y.3d 131, 137 (2006)) (alterations omitted).
>
> "'A narrow, but widely recognized exception to the rule allows an insurer to refuse or withdraw a defense if . . . extrinsic [evidence] . . . unrelated to the merits of plaintiff's action, plainly take[s] the case outside the policy coverage.'" *Employers Ins. Co. of Wausau v. Kingstone Ins. Co.*, No. 17-CV-3970 (SDA), 2019 WL 7040427, at *7 (S.D.N.Y. Dec. 4, 2019), *adopted by* 2019 WL 6998386 (S.D.N.Y. Dec. 19, 2019) (quoting *Int'l Bus. Machines*, 363 F.3d at 144, 148). For this exception to apply, "the extrinsic evidence relied upon may not overlap with the facts at issue in the underlying case." *United States Underwriters Ins. Co. v. Image By J & K, LLC*, 335 F. Supp. 3d 321, 331 (E.D.N.Y. 2018); *cf. Town of Moreau v. Orkin Exterminating Co.*, 165 A.D.2d 415, 418 (3d Dep't 1991) (permitting insurer to consider collateral estoppel effect of criminal convictions against insured for knowingly dumping hazardous waste, where policy contained exclusions for intentional pollution).

*Travelers Indem. Co. v. Harleysville Ins. Co. of New York*, No. 18-CV-600 (PGG), 2020 WL 1304085, at *4 (S.D.N.Y. Mar. 19, 2020).

2

Thus, the principal issue in this case is whether Harleysville's duty to defend has been triggered by the allegations in the complaints filed in the underlying actions, not by the discovery that has been produced in those cases that it apparently seeks to obtain. This discovery is properly characterized as extrinsic evidence that overlaps with the merits of the underlying actions, as the City contends, and which the Court will not consider in deciding this declaratory judgment action.

It appears that Harleysville is effectively arguing that any determination that it has a duty to defend would be premature because the discovery it seeks has not been provided. But the question before the Court is whether the allegations in the underlying actions suggest a "reasonable possibility of coverage." Such an issue can be determined without the discovery Harleysville is seeking. *See, e.g., Burlington Ins. Co. v. Guma Const. Corp.*, 66 A.D.3d 622, 625, 887 N.Y.S.2d 177, 180 (2d Dep't 2009) (rejecting argument that it was premature to determine duty to defend before completion of discovery as complaint's allegations suggested "reasonable possibility of coverage"). Harleysville does not cite any authority to the contrary.

For these reasons, Harleysville's request for additional discovery is denied.

**SO ORDERED.**

Dated: August 10, 2022
  New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

3